# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICO SANDERS,**

        **Petitioner,**

  **v.**                            **Case No. 11-CV-00868**

**MICHAEL BAENEN,**

        **Respondent.**

---

## ORDER

On September 14, 2011, Rico Sanders filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. The Milwaukee County Circuit Court convicted petitioner, on the basis of his Alford pleas, of four counts of first degree sexual assault, one count of second degree sexual assault, and one count of armed robbery. He was sentenced to 140 years confinement with the possibility of parole on September 7, 2030. Petitioner is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

One of petitioner's claims is that his Alford plea was unconstitutional because it was not entered knowingly, intelligently and voluntarily, and, therefore, his right to due process under the Fourteenth Amendment was violated. This is a colorable constitutional claim. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Thus, it does not plainly appear from the petition and attached exhibits that petitioner is not entitled to habeas relief.

As part of his habeas corpus petition, petitioner moved this court to stay the proceedings in this case in order to give him the opportunity to exhaust one of the claims in his petition in state court. I will wait to rule on that motion until respondent has had an opportunity to reply. I will set a schedule for further briefing in this case after I have ruled on the motion to stay.

**THEREFORE, IT IS ORDERED** that if respondent wishes to file a **BRIEF IN OPPOSITION** to petitioner's motion to stay, he shall do so within 30 days. If respondent does not file a brief in opposition, the motion will be treated as unopposed.

**FURTHER, IT IS ORDERED** that petitioner shall have 30 days following the filing of respondent's opposition brief, if any, within which to file a reply brief.

Pursuant to Civil L.R. 7(f), the following page limitations apply: the brief in opposition to the motion to stay must not exceed thirty pages and petitioner's reply brief must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to the respondent and transmitted electronically to the Attorney General for the State of Wisconsin pursuant to the memorandum of understanding between the Clerk of Court and the Wisconsin Department of Justice.

Dated at Milwaukee, Wisconsin, this 11th day of October 2011.

s/_____
LYNN ADELMAN
District Judge