UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICO SANDERS,
           Petitioner,

v.                                            Case No. 11-CV-868

SCOTT ECKSTEIN, Warden,
Green Bay Correctional Institution,
           Respondent.

## ORDER

On September 14, 2011, Rico Sanders filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner is currently incarcerated at Green Bay Correctional Institution. As part of his habeas corpus petition, petitioner moved this court to stay the proceedings in this case to give him the opportunity to exhaust one of his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). I screened the case as required by Rule 4 of the Rules Governing § 2254 Cases, and I granted petitioner's motion to stay the proceedings after the state indicated that it did not oppose the motion. On January 22, 2015, petitioner filed an amended petition and again moved to stay the proceedings. Again, the state did not object, so I granted petitioner's motion.

Petitioner has now filed his "final amended § 2254" petition and moves to lift the stay. ECF No. 18. I will grant petitioner's motion. Further, I will order respondent to file a response to the petition. The amended petition still contains the first claim that petitioner raised in his original petition, that his Alford plea was not entered knowingly, intelligently, and voluntarily. This is still a "colorable constitutional claim." ECF No. 7, at

2 (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). As such, "it does not plainly appear from the petition and attached exhibits that petitioner is not entitled to habeas relief, *id.*, and he may proceed.

**THEREFORE, IT IS ORDERED** that petitioner's motion to lift the stay of the proceedings (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondent either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge